# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**

    Plaintiff,

  v.                                                    Case No. 15-CV-429

**JEAN DIMOTTO, et al.**

    Defendants.

## ORDER

Plaintiff, Keith London, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff lacks the funds to pay an initial partial filing fee so the court waived the initial partial filing fee. 28 U.S.C. § 1915(b)(4). I will now grant plaintiff's motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

2

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is twelve pages long, and he names 34 defendants, but he only mentions four of them by name in the body of his complaint. Plaintiff's narrative provides many extraneous details, but it does not explain how most of the defendants allegedly violated plaintiff's constitutional rights. I can divide plaintiff's complaint into at least four separate complaints: (1) claims against Judge Jean DiMotto regarding plaintiff's criminal case; (2) ADA claim against Milwaukee County regarding non-accessible restrooms in the courthouse; (3) claims regarding the conditions of confinement and medical care plaintiff endured at the Milwaukee County Jail; and (4) claims regarding plaintiff's treatment once he arrived at Dodge Correctional Institution.

Based on my reading of the complaint, it appears that the plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will dismiss the original complaint submitted on April 10, 2015. I will allow plaintiff to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued

4

in this case must be brought in a separate action. Plaintiff must use the court's complaint form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). If plaintiff is unable to use the court's form due to his disability, he should closely follow its structure and include each of the sections of the form in his amended complaint.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A. If plaintiff does not file a timely amended complaint. I will dismiss this case for lack of prosecution.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

I also caution plaintiff, with regard to his claims against Judge Jean DiMotto, that judges are entitled to absolute judicial immunity. See Polzin v. Gage, 636 F.3d 834,

5

Case 2:15-cv-00429-LA   Filed 03/25/16   Page 5 of 7   Document 7

838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on April 10, 2015, is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **Friday, May 6, 2016**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by Friday, May 6, 2016, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

6

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 25th day of March, 2016.

**BY THE COURT:**

s/ Lynn Adelman

_____
LYNN ADELMAN
United States District Judge